UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NICHOLAS D. TUINSTRA,

                Petitioner,

v.

                Case No. 22-CV-945-JPS

GARY BOUGHTON,

                **ORDER**

                Respondent.

## 1. INTRODUCTION

On August 17, 2022, Petitioner Nicholas D. Tuinstra ("Tuinstra" or "Petitioner"), through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee. ECF No. 1. The Court screens his petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

## 2. FACTUAL BACKGROUND

Tuinstra was charged with of one count of intentional homicide with a domestic abuse modifier, contrary to Wis. Stat. §§ 940.01(1)(a) and 968.075(1)(a), and one count of intentional homicide, contrary to Wis. Stat. §940.01(1)(a). ECF No. 1. at 1. Prior to trial, the State added a stalking charge with a domestic abuse and use dangerous weapon modifier contrary to Wis. Stat. §§ 940.32(3)(a), 968.075(1)(a), and 939.63(1)(b). *Id.* Tuinstra was convicted of all counts. *Id.*

Following sentencing, Tuinstra filed a post-conviction motion for a new trial, which the trial court denied. *State v. Tuinstra*, 2021 WI App 27, ¶ 1, 397 Wis. 2d 241, 959 N.W.2d 76, *review denied*, 2022 WI 87, ¶ 1. He appealed the order denying him postconviction relief and his judgment of

conviction to the Wisconsin Court of Appeals. *Id.* The Wisconsin Court of Appeals addressed Tuinstra's arguments that he was entitled to a new trial because of his shackling during the trial and that trial counsel was ineffective in numerous ways, and it affirmed the trial court's order and judgment. *Id.* at *1.

Tuinstra petitioned for review to the Wisconsin Supreme Court. On May 19, 2021, the Wisconsin Supreme Court denied review. *State v. Tuinstra*, 989 N.W.2d 107 (Table) (Wis. 2021). Tuinstra provides that he did not file a petition for certiorari in the United States Supreme Court. ECF No. 1 at 4.

Now, Tuinstra seeks habeas relief on the following nine grounds: (1) violation of due process right to a fair trial as a result of the trial court's routine use of shackles; (2) ineffective assistance of counsel for trial counsel's failure to object to the court's mid-trial security changes violating Tuintstra's right to counsel; (3) ineffective assistance of counsel for trial counsel's failure to object to the court's mid-trial security changes violating Tuinstra's due process rights; (4) ineffective assistance of counsel for trial counsel's failure to effectively challenge the State's "domestic violence" expert" or present an independent expert in response; (5) ineffective assistance of counsel for trial counsel's failure to introduce "selfie" photographs taken by Melissa Tuinstra on September 7-–8 showing a lack of bruises; (6) ineffective assistance of counsel for trial counsel's failure to object to a hearsay statement regarding Tuinstra's alleged threat to commit suicide; (7) ineffective assistance of counsel for trial counsel's failure to elicit testimony from Tuinstras' divorce attorney about the Tuinstras' demeanor toward each other just days before the homicides; (8) ineffective assistance of counsel for trial counsel's failure to cite proper legal authority

objecting to Melissa's hearsay statements contained in journals about a fight with her husband; and (9) ineffective assistance of counsel for trial counsel's failure to object to questions posed to Melissa's friend that were irrelevant and designed to elicit prejudicial information. ECF No. 1 at 8–17.

**3.      ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

**3.1     Timeliness**

First, the Court considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, the Wisconsin Supreme Court denied Tuinstra's petition for review on May 19, 2021. *Tuinstra,* 989 N.W.2d 107 (Table). Tuinstra did not seek certiorari with the United States Supreme Court. ECF No. 1 at 4. Thus, his judgment became final ninety days later, on August 17, 2021. Tuinstra then had one year in which to file his petition (i.e., until August 17, 2022). Thus, it appears that Tuinstra's federal habeas petition, filed on August 17, 2022, ECF No. 1, is timely.

### 3.2 Exhaustion

Next, the Court analyzes whether Tuinstra fully exhausted his state-court remedies. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Based on the Wisconsin Court of Appeals' March 17, 2021 order, and the Wisconsin Supreme Court's denial of review, it appears that Tuinstra has fully exhausted the nine grounds in his present petition.

### 3.3 Procedural Default

The Court next determines whether Tuinstra has procedurally defaulted on any of his exhausted grounds. Even though a constitutional claim in a federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Here, on the record before the Court, it does not plainly appear that Tuinstra has procedurally defaulted on his claims.

### 3.4 Frivolous Claims

The Court concludes its Rule 4 review by screening Tuinstra's petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Tuinstra's claims, it does not plainly appear that they are frivolous.

### 4. CONCLUSION

Tuinstra's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 survives screening. The case will proceed as discussed below.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing

Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

 2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

  a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

  b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

  c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

 3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

  a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

  b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Page 7 of 7
Case 2:22-cv-00945-JPS   Filed 06/05/23   Page 7 of 7   Document 2